**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRENDA THOMAS,

Plaintiff,

*- against -*

MASTERCARD INC.,

Defendant.

CIVIL ACTION NO.: 25 Civ. 4279 (NSR)(VR)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure:

1. Any party or counsel for a party may designate any document or information, in whole or in part, as confidential if that party or counsel for that party determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive (including personally identifying) non-public information ("Confidential Information"). Information and documents designated by a party or counsel for a party as confidential will be stamped "CONFIDENTIAL."

2. Non-parties from whom discovery is sought by the parties to this Confidentiality Stipulation and Protective Order may designate documents and information as

"CONFIDENTIAL" consistent with the terms of this Confidentiality Stipulation and Protective Order, provided that such non-parties agree in writing to be bound by the Confidentiality Stipulation and Protective Order. Under such circumstances, documents and information designated "CONFIDENTIAL" by a non-party are assigned the same protection as documents and information designated by any party, and all duties applicable to any party shall apply to a non-party designating documents or information "CONFIDENTIAL." All obligations applicable to parties receiving such Confidential Information shall apply to any party receiving Confidential Information from such non-party.

3. The Confidential Information disclosed by a party (the "Producing Party") will be held and used by the person receiving such information (the "Receiving Party") solely for use in connection with the action.

4. Confidential Information must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. A Receiving Party may not input, upload, submit, or otherwise provide Confidential Information to any artificial intelligence tool or service, including any generative AI or large language model–based system ("AI Tool"), unless the AI Tool's provider is contractually bound not to retain, use, disclose, or make available the Confidential Information except as strictly necessary to provide the service, not to use it to train, refine, improve, test, or develop any model or system, and to delete it upon request. Before first providing Confidential Information to any such tool, the Receiving Party must give the Producing Party written notice identifying the specific tool, provider, and account tier for any AI Tool used and providing documentation showing that the AI Tool satisfies the requirements of this paragraph. The Receiving Party may not use the AI Tool for five business days after providing notice, and if the Producing Party objects during that

period, not unless and until the objection is resolved by agreement or Court order. Once agreed to or otherwise approved by the Court, no further notice is required for continued use of the same AI Tool, provider, and account tier unless there is a material change to the tool, provider terms, account tier, or protections described in this paragraph.

5. In the event a party challenges another party's designation of confidentiality, the parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Court reporters and videographers during depositions in this matter;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer in good faith if any production requires a designation of "For Attorneys' or Experts' Eyes Only" that further limits the distribution of produced information.

7. Prior to disclosing or displaying the Confidential Information to any person, the parties must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person, except for those listed in 6(a), (b), and (e), to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within **thirty days** after notice by the court reporter of the completion of the transcript. All testimony shall be treated as Confidential Information until the thirty-day period has expired.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and other information that may be used for identity theft)

exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure, regardless of whether it is marked as Confidential Information or not.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or other information ("Privileged Material"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12. The process for handling and return of disclosed Privileged Material shall be as follows:

a. If, in connection with this action, the Producing Party discloses or makes available to the Receiving Party information it claims to be Privileged Material, the Producing Party may notify the Receiving Party of its claim and the basis for it.

b. Upon such notification, the Receiving Party must:

i. take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Privileged Material, any reasonably accessible copies, and any work product reflecting the contents of the Privileged Material;

ii. not use or disclose the information until the privilege claim is resolved; and

iii. take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice.

c. Upon the request of the Producing Party, the Receiving Party shall provide a certification to the Producing Party that it has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the Privileged Material. Nothing herein shall prevent the Receiving Party from challenging an assertion of privilege or work-product protection before the Court.

13. Where information has been designated as “CONFIDENTIAL” in discovery, or constitutes PII, and the Receiving Party seeks to include such Confidential Information or PII in a Court filing, the Receiving Party shall follow the Court’s procedures to request to file the information under seal.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties’ counsel shall be permitted to retain their working files on the condition that those files will remain protected. Notwithstanding the foregoing, the parties may retain court filings, deposition transcripts, exhibits filed with the Court, attorney work product, and materials required by law or professional obligation to be retained, provided such materials remain subject to this Protective Order.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. Notwithstanding the foregoing, if a Receiving Party is served with any legal process requiring disclosure of Confidential Information, it must, to the extent not prohibited by law or order,

promptly provide written notice to the Producing Party before the compliance deadline, and inform the issuer that the material is subject to this Protective Order.

SO STIPULATED AND AGREED.

Dated: June 16, 2026
White Plains, New York

______________________________
Pro Se Plaintiff

*/s/ Nina Kovalenko*
Counsel for Defendant(s)

SO ORDERED.

Dated: 8/4/2026

______________________________
VICTORIA REZNIK
United States Magistrate Judge

**EXHIBIT A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Thomas* v. *Mastercard Inc.*, Case No. 25 Civ. 4279 (S.D.N.Y.), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: ____________, 20__

______________________________ ______________________________
Name (printed) Signature