UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDA THOMAS,<br><br>Plaintiff,<br><br>against<br><br>MASTERCARD INC.,<br><br>Defendant. | CIVIL ACTION NO.: 25 Civ. 4279 (NSR)(VR)<br><br>**JOINT ELECTRONIC DISCOVERY SUBMISSION AND ORDER** |

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and Proposed Order (and any entered subsequent to this) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Submission and Proposed Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

**(1)** **Meet and Confer**: Pursuant to Fed. R. Civ. P. 26(f), the parties **must** meet and confer regarding matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). The parties now certify that they met and conferred to discuss these issues on June 15, 2026.

To date, the parties have addressed the following issues:

**(2)** **Preservation**:

(a) The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including, but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; and disclosure of the manner in which the data is maintained. To the extent

that the parties have reached agreement as to preservation methods, provide details below:

The Parties agree that the allowable scope of discovery is all Documents that are relevant, non-privileged, and proportional to the needs of the case. The Parties agree to take reasonable steps to avoid unnecessary duplication; however, this shall not limit the obligation to preserve and produce relevant information from multiple sources where such sources may contain unique, material, or contextually relevant information.

**(3)** **Search and Review**:

(a) The parties have discussed methodologies or protocols for the search and review of electronically stored information. Some of the approaches that may be considered include: the use and exchange of keyword search lists; concept search; machine learning or other advanced analytical tools; limitations on the fields or file types to be searched; and date restrictions. To the extent the parties have reached agreement as to search and review methods, provide details below:

The Parties agree that each producing Party will take reasonable steps to identify, review, and produce relevant documents. Searches shall be reasonably designed to identify documents sufficient to show communications and decisions relating to complaints, internal investigations, promotions, compensation decisions, and alleged retaliation, including communications among identified custodians. The Parties further agree that the Parties shall meet and confer, if necessary, regarding search methodologies, including search terms, custodians, and data sources. The producing party shall conduct searches reasonably calculated to identify responsive information from relevant custodians and data sources identified through discovery or subsequent meet-and-confer discussions. No Party shall unilaterally limit its search in a manner that excludes relevant information. Date ranges and any search terms applied to searches shall be reasonably tailored to capture relevant conduct.

Each producing Party shall remain responsible for evaluating and utilizing appropriate procedures, methodologies, and technologies to identify, review, and produce its own documents. Nothing in this Protocol shall be construed to limit a party's obligation to conduct a reasonable search for responsive electronically stored information or to preclude either party from making subsequent requests concerning additional custodians, data sources, search methodologies, search terms, or date ranges if warranted by information obtained during discovery.

**(4) Production**:

(a) Source(s) of Electronically Stored Information: The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

Plaintiff(s):

Plaintiff anticipates that electronically stored information may include, but is not limited to: email systems, messaging platforms (including Microsoft Teams, Slack, Zoom, or similar tools), shared drives, HR systems, and other electronically stored information reasonably likely to contain responsive information. To the extent Generative AI or AI-assisted applications were used to create, modify, summarize, or store responsive information, such information shall also be subject to reasonable preservation and production obligations. Production shall occur on a rolling basis at reasonable intervals. The Parties shall use reasonable efforts to substantially complete document production within a reasonable period following the commencement of production.

Defendant(s):

Defendant anticipates that electronically stored information may include, but is not limited to: email systems, messaging platforms (including Microsoft Teams, Slack, Zoom, or similar tools), shared drives, HR systems, and other electronically stored information reasonably likely to contain responsive information. To the extent Generative AI or AI-assisted applications were used to create, modify, summarize, or store responsive information, such information shall also be subject to reasonable preservation and production obligations. Production shall occur on a rolling basis at reasonable intervals. The Parties shall use reasonable efforts to substantially complete document production within a reasonable period following the commencement of production.

Limitations on Production: The parties have discussed factors relating to the scope of production, including, but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; and (v) timing of productions (including phased discovery or rolling productions). To the extent the parties have reached agreements related to any of these factors, describe below:

Production shall occur on a rolling basis at reasonable intervals.

(b) Form(s) of Production:

(1) The parties have reached the following agreements as to the form(s) of productions:

The Parties agree that each producing Party will produce documents as sequentially Bates-stamped, using a consistent length with leading zeros in the number, the format of which shall not change across productions; that, if located pursuant to a reasonable search and if kept in the ordinary course of business, word processing files shall include comments and "track changes" (and similar in-line editing), spreadsheets (e.g., Microsoft Excel)

shall include hidden columns, rows, and sheets, comments and "track changes," and any presentations shall include speaker notes and comments; that reasonable care shall be taken not to degrade the legibility of documents during the imaging process, and if legibility is found to be degraded, the receiving party may make reasonable requests for reproduction; that spreadsheets and multimedia shall be produced in their native format; the parties shall produce documents consistent with Rule 34(b)(E), and that any such production should include a reasonably usable form or forms, including a searchable format; and that, if particular documents warrant a different production format, the Parties shall cooperate to arrange for a mutually acceptable production of such documents. The Parties further agree that each producing Party shall preserve all metadata associated with produced documents. To the extent that documents are maintained in native format, production of such documents shall preserve associated metadata to the extent reasonably feasible.

(2) Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

The Parties will meet and confer in good faith on these issues as needed.

(c) Privileged Material:

(1) Identification: The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

To the extent that the producing Party reasonably determines that one or more responsive documents are not discoverable on the basis of privilege

(attorney-client privilege, work-product doctrine, or any other applicable privilege), the producing Party shall provide a privilege log in a searchable and sortable spreadsheet format (i.e., Excel) that sets forth the following: Production Bates Number for redacted documents, or another identification number for withheld documents, Document Type, Date, From/Author, To/Recipient, Other Senders and Participants, Privilege Asserted, and Privilege Description. Documents redacted for privilege should clearly indicate that the redaction is being made for privilege, e.g., "REDACTED - PRIVILEGED." Privilege logs shall be provided within a reasonable time after the completion of document production.

(2) Inadvertent Production/Claw-Back Agreements: Pursuant to Fed R. Civ. Proc. 26(b)(5) and Fed. R. Evid. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g., "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to Fed. R. Evid. 502(d), etc.):

All Documents, including the procedure for claw-back of any Documents, shall be governed by any confidentiality, protective, and/or claw-back orders, or mutual stipulation thereof, entered in this Action.

(3) The parties have discussed a 502(d) Order: Yes _X__; No ____

*The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.*

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Defendant Mastercard Inc. By: /s/ *Nina Kovalenko*

Party: Plaintiff Brenda Thomas By: [signature]

Dated: White Plains, New York
June 16, 2026

SO ORDERED

[signature]

Dated: 8/4/2026

**VICTORIA REZNIK**
**United States Magistrate Judge**