Brenda Thomas
118 Union Avenue
Mount Veron, NY 10550
Btee1107@gmail.com
914-562-6005

August 25, 2026

Re: Thomas v. Mastercard Inc., No.m25-CV-4279
Request for Limited Extension of Depositions and Subpoena Deadlines

Dear Judge Reznik:

Plaintiff Brenda Thomas, proceeding pro se, respectfully requests limited scheduling relief concerning non-expert depositions and the Court's August 31, 2026 deadline for Plaintiff to return subpoenas for former Mastercard employees.

On August 17, 2026, the Court directed Plaintiff to return any subpoenas for former employees she intends to depose by August 31, 2026. Non-expert depositions are presently required to be completed by September 30, 2026.

Plaintiff has been actively attempting to coordinate depositions with Defendant. On August 11, Plaintiff asked Defendant to confirm whether counsel represents, is authorized to coordinate scheduling for, or will accept service on behalf of identified former Mastercard employees. Plaintiff subsequently followed up regarding scheduling, identified the current and former employees she seeks to depose, and provided multiple proposed September deposition dates.

Defendant has advised that it is contacting former employees to determine representation and that it will work with its client to provide availability for current employees. As of August 25, however, Plaintiff has not received confirmation regarding representation, acceptance of service, or coordination for the identified former employees, nor has Plaintiff received deposition availability for the current Mastercard employees she identified.

This creates a practical difficulty with the August 31 subpoena deadline. Plaintiff must determine which former employees require subpoenas and finalize the date, time, and other information necessary for those subpoenas while simultaneously coordinating witness and court-reporter availability. Plaintiff is also attempting, where feasible, to schedule more than one deposition on the same day to manage the substantial court-reporting costs that Plaintiff must bear.

There is an additional timing concern affecting deposition preparation. Defendant advised on August 21 that it expects to make a supplemental production in the coming week together with its privilege log. Defendant's August 21 correspondence further indicates that the supplemental production will include additional documents concerning events from February 2019 that are expected to be subjects of deposition testimony and that Defendant continues to attempt to locate certain additional internal-application materials. Plaintiff will need a reasonable opportunity to review the forthcoming materials and incorporate relevant documents into her deposition preparation.

Plaintiff is not seeking to delay depositions and will continue attempting to schedule them immediately. Nor is Plaintiff presently asking the Court to resolve the parties' substantive discovery disputes through this request. Rather, Plaintiff seeks a limited adjustment to the deposition-related deadlines so that the remaining depositions can be scheduled and conducted in an orderly and meaningful manner.

Accordingly, Plaintiff respectfully requests that the Court:

1. extend the August 31, 2026 deadline for Plaintiff to return subpoenas for former-employee depositions to **September 18, 2026, or such other date as the Court deems appropriate**; and
2. extend the September 30, 2026 deadline for completion of non-expert depositions to **October 30, 2026**.

These limited extensions would permit the parties to coordinate witness availability, allow Plaintiff to determine which former witnesses require compulsory process, permit service where necessary, and provide Plaintiff a reasonable opportunity to review Defendant's forthcoming supplemental production and privilege log before completing witness examinations.

Plaintiff has attempted to resolve the scheduling issues directly with Defendant and remains available to meet and confer and proceed with depositions as promptly as practicable.

Respectfully submitted,

**Brenda Thomas**
Plaintiff Pro Se