PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Nina Kovalenko**
**Direct Dial:** +1 212 373 3479
**Email:** nkovalenko@paulweiss.com

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

October 15, 2026

MEMO ENDORSED

**VIA ECF**

The Honorable Victoria Reznik
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: *Brenda Thomas* v. *Mastercard Inc.*, No. 25-CV-4279-NSR-VR

Dear Magistrate Judge Reznik:

Defendant Mastercard Inc. and *pro se* Plaintiff Brenda Thomas (the "Parties") respectfully submit this joint letter-motion to seek a brief stay of all proceedings and deadlines in this action based on the recent decision by the Parties to jointly seek to pause discovery and explore settlement through third party mediation.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Island Exterior Fabricators, LLC* v. *Priedemann Facade Lab GmbH*, 2023 WL 1451623, at *2 (E.D.N.Y. Feb. 1, 2023) (quoting *Thomas* v. *N.Y. City Dep't of Educ.*, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)). The moving party must make a showing of "good cause" to warrant a stay. *Id.* Where, as here, the parties jointly wish to pursue mediation, a limited stay is warranted as it "clearly serves the interest of the Court by promoting judicial economy, as well as the interests of the parties and the public by allowing time to attempt an amicable resolution." *Id.*

On October 2, 2026, the Parties agreed to jointly move for a brief stay of this action pending mediation. The Parties are scheduled to have a mediation session before a JAMS mediator on December 11, 2026. The Parties also agreed to provide an update to the Court by no later than January 8, 2027 to inform the Court as to whether the case has settled. If the case has not settled, and the Parties do not wish to seek to extend the stay to attempt further discussion, the Parties have agreed to immediately re-commence discovery and present to the Court a modified proposed schedule for the remainder of discovery.

The Parties are continuing to meet and confer in good faith regarding outstanding document production issues raised by Plaintiff concerning Defendant's production, and have

agreed to defer depositions until after the mediation is completed. The Parties further agree that the stay of discovery and participation in mediation does not waive any rights either Party has to outstanding discovery, including depositions. The requested stay does not affect the Parties' ongoing document production reconciliation, technical meet-and-confer, or any supplementation previously agreed upon.

Accordingly, the Parties respectfully ask that the Court grant their request for a stay of further proceedings and deadlines in this action to allow the parties to seek an amicable resolution. We thank the Court for its attention to this matter and are available should the Court have any questions.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,
*Counsel for Defendant*

By: */s/ Nina Kovalenko*
Nina Kovalenko

*Pro Se Plaintiff*

By: */s/ Brenda Thomas*
Brenda Thomas

cc: All Counsel of Record and Parties (via ECF)

The parties' request is GRANTED. Discovery is stayed pending mediation. By January 8, 2027, the parties are directed to submit a joint letter updating the Court on the status of settlement.

The Clerk of Court is respectfully requested to close the gavel on ECF No. 55.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 10/16/2026